IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD R. BROWN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-296-SLP |
| | ) |
| STATE OF OKLAHOMA et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brought this civil rights complaint against the State of Oklahoma and the Comanche County District Attorney. Doc. 1.[1] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 4. The undersigned recommends the Court dismiss the complaint without prejudice based on Plaintiff's failure to follow the Court's rules and orders and pay the initial partial filing fee.

**I.    Discussion.**

The Court ordered Plaintiff to either pay the filing fee or submit an in forma pauperis (IFP) application to the Court by March 31, 2025. Doc. 5. The Clerk of Court sent the order and the necessary forms to comply with the

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Court's order to Plaintiff's last known address. *Id.* (staff notes). Plaintiff submitted an IFP motion on March 17, 2025. Doc. 6. But it was deficient, and the Court denied it. Doc. 7, at 1. The Court granted Plaintiff one more chance to submit a conforming IFP motion by April 14, 2025. *Id.* The Court warned Plaintiff that a failure to comply would result in the undersigned recommending dismissal of this action. *Id.*

The Clerk of Court mailed this order along with the forms necessary to comply with the order to Plaintiff's last known address at the Comanche County Detention Center and later, after the Postmaster returned some mail to the Court, remailed it to Plaintiff at the Oklahoma State Reformatory. *Id.* (staff notes); *see* Doc. 8 (staff notes); *see also* Docs. 9-10.

Plaintiff received one of these orders because he filed a second IFP motion on April 10, 2025. Doc. 11. The Court granted the motion and ordered Plaintiff to pay an initial partial filing fee by May 13, 2025. Doc. 12; *see* 28 U.S.C § 1915(b)(1). The Court warned Plaintiff that failure to timely pay could result in the dismissal of the complaint without prejudice. Doc. 12, at 1-2.

The Clerk of Court mailed the order to Plaintiff at both addresses even though Plaintiff had not submitted a change of address form. *Id.* (staff notes). The Postmaster returned the mail sent to the Oklahoma State Reformatory to the Court stamped "Refused" on May 6, 2025. Doc. 13. The Postmaster has not returned the mail sent to the Comanche County Detention Center, so the Court

2

deems it delivered to Plaintiff. *See* LCvR5.4 ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court.").[2]

To date, Plaintiff has not paid the initial partial filing fee. He also has not sought an extension of time or shown good cause for his failure to pay.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

---

[2] Although the Oklahoma Department of Corrections' website currently lists Plaintiff as residing at the Oklahoma State Reformatory, *see* https://okoffender.doc.ok.gov/ (last visited May 19, 2025), the only address Plaintiff has provided to the Court is that of the Comanche County Detention Center. *See* Doc. 11, Att. 2 (envelope).

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Plaintiff's failure to comply with this Court's orders and rules or pay the initial partial filing fee have left the Court without the ability "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"). The undersigned concludes, therefore, that dismissal of this action without prejudice to refiling is warranted under Rule 41(b) and LCvR3.3(e) ("Failure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment shall be cause for dismissal of the action without prejudice to refiling.").

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

4

5

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 12, 2025, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 22nd day of May, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE