## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EDWARD RENARDO BROWN, SR.,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. CIV-25-296-SLP
    )
STATE OF OKLAHOMA, et al.,    )
    )
    Defendants.    )

## **O R D E R**

Before the Court is the Report and Recommendation (R&R) [Doc. No. 26] issued by United States Magistrate Judge Suzanne Mitchell upon referral of this matter. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff Edward Renardo Brown, Sr., a state prisoner appearing pro se and in forma pauperis, brings this action, pursuant to 42 U.S.C. § 1983, against the State of Oklahoma and Fred C. Smith. First, Plaintiff alleges the Defendants violated his Fifth Amendment Due Process rights were violated as "[he] was charged with assault with a dangerous weapon . . . went to trial and was found not guilty." Compl. [Doc. No. 1] at 7. Plaintiff also alleges that his 8th Amendment rights were violated by the Defendants. *Id*. at 8.

The R&R recommended dismissing Plaintiff's Complaint without prejudice for failure to state a claim. First, the Magistrate Judge found that both the State of Oklahoma and Fred Smith were entitled to immunity from suit in this matter. R&R [Doc. No. 26] at 5-9. Second, the Magistrate Judge found that the Complaint failed to comply with Fed. R. Civ. P. 8 as Plaintiff failed to identify the faulty prosecution at issue. *Id*. at 9-10. The

Magistrate Judge advised Petitioner of his right to object to the R&R and directed any objections be filed on or before December 17, 2025.[1]  *Id.* at 10.  Petitioner was also advised that any failure to object would waive Petitioner's right to appellate review of the factual and legal issues addressed in the R&R.  *Id.*

Plaintiff filed an objection.  *See* Obj. [Doc. No. 27].  When an objection is filed, the Court must make a de novo determination of those aspects of the R&R to which the party objects, and the Court may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

As an initial matter, Plaintiff fails to address the Magistrate Judge's conclusion that the Defendants are immune from suit.  Therefore, the Court finds that Petitioner waived further review of such issue.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).  Accordingly, the Court concurs with the Magistrate Judge's findings in the R&R as to that issue and adopts the same.

Plaintiff's Objection solely focuses on the Magistrate Judge's finding that he failed to satisfy the pleading requirements of Fed. R. Civ. P. 8.  Plaintiff states in the Objection that he was found not guilty in an "assault with a dangerous weapon" matter involving a

---

[1] When an Objection is filed, the Court must make a de novo determination of any portions of the Report to which a proper objection is made, and may accept, reject or modify the recommended decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

"Joseph Fuentez" that occurred in Comanche County.  *See* Obj. [Doc. No. 27] at 1.  The Court, like the Magistrate Judge, is unable to "find any prosecution for which Plaintiff was found not guilty in Comanche County (or any Oklahoma county) in the online searchable records." R&R [Doc. No. 26] at 10.  Plaintiff has still failed to identify the underlying prosecution for which he bases his claims against the Defendants.  As such, the Court concurs with the Magistrate Judge that the Complaint fails to satisfy Fed. R. Civ. P. 8.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 27] is ADOPTED in its entirety.  Plaintiff's Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.  A separate judgment shall be entered.

IT IS SO ORDERED this 24th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE